UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA OSORIO,<br><br>    Plaintiff,<br><br>        v.<br><br>HOL-MAC CORPORATION,<br><br>    Defendant. | Case No. 20-cv-00236-JCS<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 10 |

## I.     INTRODUCTION

This is an action for the wrongful death of Plaintiff Mayra Osorio's husband, Edwin Gomez-Zarate, who was killed in an accident involving a forklift that was allegedly owned, designed, manufactured or distributed by Defendant Quality Corporation ("Quality"). Defendant Hol-Mac Corporation ("Hol-Mac") is allegedly Quality's successor-in-interest. Hol-Mac removed the action to federal court on January 10, 2020 on the basis of diversity jurisdiction. Notice of Removal ¶ 9. Presently before the Court is Plaintiff's Motion to Remand ("Motion"), in which she argues that the removal was untimely because it was filed more than thirty days after Hol-Mac "knew the matter was removable." Motion at 1, 3 (citing 28 U.S.C. § 1446(b)(3)). A hearing on the Motions was held on March 13, 2020. For the reasons stated below, the Motion is GRANTED.[1]

---

[1] At the hearing, Plaintiff stipulated to the dismissal without prejudice of Defendant Quality Corporation. All remaining parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

Plaintiff filed her complaint in Contra Costa Superior Court on August 9, 2019. Declaration of Jack C. Henning in Support of Defendant and Cross-Complainant Hol-Mac Corporation's Opposition to Plaintiff's Motion to Remand Action to State Court ("Henning Decl."), Ex. A (Complaint). In the complaint, Plaintiff alleged that she was a resident of Livermore, California. *Id*. ¶ 2. However, the Complaint contained no allegations with respect to her domicile. The Complaint further alleged that Hol-Mac is a Mississippi Corporation and Quality is a Colorado Corporation. *Id*. ¶¶ 4-5.

Hol-Mac removed the case to this Court on January 10, 2020 on the basis of diversity jurisdiction. It stated in its Notice of Removal that the removal was timely because Hol-Mac did not learn of Plaintiff's domicile until Plaintiff served (by mail) her responses to form interrogatories, on December 16, 2019. Notice of Removal ¶ 13; *see also* Henning Decl., ¶ 9 (stating that he received the interrogatory responses on December 24, 2019) & Ex. D (Interrogatory Responses). According to Hol-Mac's counsel, "although unverified at the time, Hol-Mac subsequently received Plaintiff's verification to the responses on February 10, 2020. Henning Decl. ¶ 9 & Ex. D. In the interrogatory responses, Plaintiff stated that she had lived at her current addresses, in Livermore, California "longer than five years." Henning Decl., Ex. D. She also provided employment information showing that she has worked in California since 2006. *Id*.

In the Motion, Plaintiff contends Hol-Mac learned of the existence of diversity more than thirty days before it filed its Notice of Removal. Motion at 4. In particular, Plaintiff points to the allegation in her Complaint that she is a resident of Livermore, California, arguing that this should have been a "red flag" that her domicile was California and therefore that there was diversity between the parties. *Id.* She argues that if the allegation regarding residency in her complaint was not sufficient to establish her domicile, it was established on November 13, 2019, when her counsel provided Defendant with an "informal production" of a Cal-OSHA investigation report, Sheriff's report and coroner's report related to the accident. *Id*.; *see also* Declaration of Christopher A. Viadro in Support of Motion to Remand Action to State Court ("Viadro Decl.") ¶¶

2

4-5 & Ex. 1. According to Plaintiff, "[t]he Coroner's Report listed Decedent's address in Livermore, California. It separately listed Plaintiff's address at the same location in Livermore, California. It also detailed her phone number which was a '925' area code number. Consistent with her address, the '925' area code encompasses Livermore, California. The Coroner's Report also listed decedent's California Driver's License Number." Viadro Decl. ¶ 6 & Ex. 2. In addition, "the Cal-OSHA investigation detailed a Livermore 'business address' for Decedent's employer. It also details that Decedent had been with the employer for 3 years." *Id*. ¶ 8 & Ex. 3. Plaintiff asserts that these documents were sufficient to trigger the thirty-day removal period under 28 U.S.C. § 1446(b)(3).

In its Opposition brief, Hol-Mac contends the allegation of residency is not sufficient to establish domicile because residency is not prima facie evidence of domicile in the Ninth Circuit. Opposition at 3 (citing treat *Mondragon v. Capital One Auto Fin*., 736 F.3d 880, 886 (9th Cir. 2013)). Rather, courts in the Ninth Circuit consider a variety of factors to determine domicile with no one factor controlling, Hol-Mac contends. *Id*. (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). Hol-Mac argues that the information contained in the reports it received from Plaintiff's counsel was not sufficient to establish that Plaintiff's domicile was California based on the factors considered by courts in the Ninth Circuit. *Id*. at 4-6. It further asserts that it would have risked sanctions under Rule 11 of the Federal Rules of Civil Procedure had it removed to federal court on the basis of the information it had received from Plaintiff's counsel. *Id*. at 6 (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005)).

Hol-Mac argues that removal based on the informal reports supplied by Plaintiff's counsel would have been premature for the additional reason that a party who removes to federal court on the basis of diversity must show that the parties are diverse by a preponderance of the evidence – a burden that is met by submitting "summary judgment type evidence" – and the reports did not meet that requirement because they were merely unauthenticated hearsay. *Id*. at 7 (citing *Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193, 1196 (9th Cir. 2015); *Garcia v. Wal-Mart Stores Inc.*, 207 F. Supp. 3d 1114, 1121 (C.D. Cal. 2016)).

Finally, Hol-Mac argues that the reports supplied by Plaintiff's counsel are not "other

3

paper[s]" under 28 U.S.C. § 1446(b)(3) and therefore cannot trigger the thirty-day removal period. *Id*. at 8-10.

### III. ANALYSIS

#### A. Legal Standards Governing Removal

Under 28 U.S.C. § 1441, the Court has removal jurisdiction over civil actions where, pursuant to 28 U.S.C. § 1332(a), there is complete diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000. For diversity purposes, a person is a citizen of a state if they are (1) a citizen of the United States and (2) domiciled in that state. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (citation omitted).

A notice of removal must be filed within thirty days of service of an initial pleading or summons, or some "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). A defendant "need not make extrapolations or engage in guesswork; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc*., 261 F.3d 196, 206 (2d Cir. 2001)). "'The type of document that constitutes an "other paper" for the purposes of the statute is broad, reflecting courts' "embracive construction" of the term.'" *Thomas v. CVS Health Corp*., No. 2:19-CV-04283-R-FFM, 2019 WL 3526344, at *2 (C.D. Cal. Aug. 1, 2019) (quoting *Rynearson v. Motricity, Inc.*, 626 F. Supp. 2d 1093, 1097 (W.D. Wash. 2009) (quoting 14C Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 3732 n. 26)). Documents that have been held to qualify as an "other paper" include "responses to request for admissions, *Wilson v. Gen. Motors Corp*., 888 F.2d 779, 780 (11th Cir.1989); settlement offers, *Addo v. Globe Life & Accident Ins. Co*., 230 F.3d 759, 761–62 (5th Cir.2000); interrogatory responses, *Akin v. Ashland Chem. Co*., 156 F.3d 1030, 1036 (10th Cir.1998); deposition testimony, *S.W.S. Erectors,*

4

1  *Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996); demand letters, *Williams v. Safeco Ins. Co.*, 74
F.Supp.2d 925, 929 (W.D.Mo.1999); and email estimating damages, *Callahan v. Countrywide Home Loans, Inc.*, No. 3:06–105, 2006 WL 1776747, at *3–*4 (N.D.Fla. June 26, 2006))." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n. 62 (11th Cir. 2007).

### B. Legal Standards Governing Determination of Domicile

A person's domicile is their permanent home, where they reside with the intention to remain or to which they intend to return. *See Lew v. Moss*, 797 F.2d at 749. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. *See, e.g., Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile."). While a number of Circuits treat a person's residence as prima facie evidence of the person's domicile, the Ninth Circuit has not adopted that presumption. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013) (citations omitted). Instead, courts in the Ninth Circuit consider a variety of factors, with no one factor controlling, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d at 750 (citing 13B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3612, at 529-31 (1984 & Supp.1986) (citing authorities)). Domicile is evaluated based on "objective facts," with no single factor controlling, and "statements of intent are entitled to little weight when in conflict with facts." *Id.*

### C. Discussion

Because in the Ninth Circuit residency does not provide a sufficient basis to establish a party's citizenship for the purposes of diversity jurisdiction, the allegation in Plaintiff's complaint that she is a resident of Livermore, California was not sufficient to trigger the thirty-day deadline

for removal under 28 U.S.C. § 1446(b). *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d at 1090; *Kanter v. Warner-Lambert Co.*, 265 F.3d at 857; *Widjaja v. Wal-Mart Stores, Inc.*, No. 210CV3883JHNJCGX, 2010 WL 11601038, at *3 (C.D. Cal. July 23, 2010) (holding that allegation in the complaint regarding co-defendant's residence was not sufficient basis to support removal based on diversity jurisdiction because "allegations as to residency do not establish citizenship."). On the other hand, the information contained in the documents supplied by Plaintiff's counsel – when considered in tandem with the allegation in the complaint that she is a current resident of Livermore, California – clearly establishes that Plaintiff was domiciled in California when she filed the complaint. These documents showed that in 2017, Plaintiff and her husband resided together in Livermore, California, that her husband had a California driver's license, and that he had worked for an employer with a business address in Livermore, California for the three years preceding his death. Given that Plaintiff also alleged in her complaint (filed two years later) that she resides in Livermore California, the court concludes that under the totality of the circumstances, the "objective facts" showed that the case was removable on the basis of diversity jurisdiction and therefore, the receipt of the reports on November 13, 2019 triggered the 30-day clock for removal purposes.

The Court rejects Defendant's argument that the clock did not begin to run because the reports that Plaintiff's counsel provided through an informal production do not constitute "other papers" because they are merely documents that were "passed along" by counsel and were not actually created by Plaintiff. *See* Opposition at 8-9. Federal courts have not applied such a narrow interpretation of "other paper," instead finding that documents exchanged between the parties in the same case may constitute an "other paper." *See Ritchie v. Williams*, 395 F.3d 283, 287 (6th Cir. 2005) (finding that 30-day clock was triggered by production of a contract showing that state law claims were preempted and therefore were more appropriately characterized as federal law claims); *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) (implying that both police report and interrogatory responses produced by the plaintiff were "other papers" that started 30-day clock running, though declining to decide whether police report alone would have been sufficient to triggered the running of the 30-day clock); *Lee v. Altamil Corp.*, 457 F.

Supp. 979, 980 (M.D. Fla. 1978)(discovery documents produced in case, including a letter from a doctor establishing that the plaintiff was disabled, were sufficient to start 30-day clock running because they established amount in controversy).

Likewise, the Court is not persuaded by Hol-Mac's argument that the 30-day clock was not triggered because the reports are not admissible evidence. While Hol-Mac may not have received affidavits from the custodians of record certifying the authenticity of these documents or establishing they are business records under Rule 803(3) of the Federal Rule of Evidence, the reports were supplied by Plaintiff's counsel and therefore they carry indicia of authenticity. There is nothing in the record to suggest that the factual findings in the reports that are relevant to Plaintiff's domicile are unreliable. The Court therefore concludes that these documents were sufficient to trigger the 30-day clock, even if the documents were not admissible, because Hol-Mac should have been able to ascertain from these documents that the grounds for removal on the basis of diversity existed. *See Torres v. Util. Tree Serv., Inc*., No. 16-CV-03424-BLF, 2017 WL 30561, at *2 (N.D. Cal. Jan. 3, 2017) ("while the Court acknowledges that civil procedural rules require the responses be verified or made 'under oath,' such rules do not preclude finding that an unverified discovery response can serve as a proper section 1446(b) notice for purposes of removal") (citing *Babasa v. LensCrafters, Inc*., 498 F.3d 972 (9th Cir. 2007)).

**IV. CONCLUSION**

For the reasons stated above, the Motion is GRANTED. This case shall be remanded to the Superior Court for the County of Contra Costa. The Clerk is instructed to close the file.

**IT IS SO ORDERED.**

Dated: March 15, 2020

JOSEPH C. SPERO
Chief Magistrate Judge

7